USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/23/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
     -against-                      :       No. 18 Cr. 313 (JFK)
                                    :
PAUL RITER,                         :       **OPINION & ORDER**
                                    :
                    Defendant.      :
------------------------------------X

APPEARANCES

FOR DEFENDANT PAUL RITER:
    Mark B. Gombiner
    FEDERAL DEFENDERS OF NEW YORK, INC.

FOR THE UNITED STATES OF AMERICA:
    Mary Elizabeth (Mollie) Bracewell
    Alexandra Rothman
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a motion by Paul Riter for a sentence reduction to time served and his immediate release from the Federal Correctional Institution, Elkton ("FCI Elkton") in Lisbon, Ohio due to Riter's underlying health issues and the Coronavirus, COVID-19 ("COVID-19"). Riter brings the motion pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) ("the Act"), commonly known as the compassionate release statute. The Government opposes Riter's motion as procedurally barred because he did not satisfy the Act's administrative exhaustion requirements before seeking judicial intervention, and substantively meritless because Riter's medical conditions, the circumstances of his incarceration, and the 18 U.S.C. § 3553(a)

1

sentencing factors do not warrant a modification to Riter's term of imprisonment.

For the reasons set forth below, Riter's motion is DENIED.

**I.  Background**

On May 31, 2018, Riter, who was 54 years old at the time, pleaded guilty to a two-count information charging him with receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5).  (Presentence Investigation Report ("PSR") at ¶¶ 2-4, ECF No. 27.)  The charges were brought after law enforcement agents executed a search warrant at Riter's residence in the Bronx, New York on suspicion that he had made available for download at least 31 videos or photographs that contained child pornography via a publicly available peer-to-peer file sharing network.  (Id. ¶¶ 10-20.)  During the search of Riter's apartment, the agents found an external hard drive with hundreds of files that contained child pornography, many of which featured sadistic or masochistic conduct inflicted on prepubescent girls.  (Id. ¶¶ 20-23; Sent. Tr. at 5:8-6:6, ECF No. 32.)

Riter's sentencing occurred on September 17, 2018, during which the Court found a Guidelines incarceration range of 97 months to 121 months, with a mandatory minimum of 60 months.  (Sent. Tr. at 7:21-25.)  The Court observed that the U.S.

2

Probation Department for the Southern District of New York recommended a sentence of 60 months, (id. at 6:18-19), and the Government did not object to a below-Guidelines sentence, (id. at 7:2-3).  Nevertheless, the Court noted that "there can be no question that dissemination of child pornography is a serious crime that causes real injury to particularly vulnerable victims," and "[n]ot only are children harmed seriously, physically, emotionally, and mentally" in the process of producing such pornography, "but that harm is exacerbated by the circulation, often for years after the fact—this is the tragic part of all this—of a graphic record of the child's exploitation and abuse."  (Id. at 5:18-6:3.)  The Court considered Riter's "particularly difficult childhood and upraising," which included sexual abuse by his grandfather, and that he "suffer[ed] from significant physical and mental health problems," (id. at 6:14-17), but noted that Riter "was an active consumer of some of the most egregious forms of child pornography," (id. at 6:6-8). Accordingly, the Court sentenced Riter to a term of imprisonment of 72 months on each count, with the sentences to run concurrently, followed by five years of supervised release. (Id. at 8:11-22.)  To date, Riter has served approximately 25 months of his sentence.  Riter's projected release date is July 10, 2023. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 23, 2020).

On May 26, 2020, Riter (through his counsel) filed a letter requesting compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), on the grounds that Riter's age, underlying health issues, and the conditions of his incarceration at FCI Elkton constitute "extraordinary and compelling reasons" to reduce his sentence and order his immediate release into a period of home confinement.  (Letter from Mark B. Gombiner, Assistant Federal Defender, to Hon. John F. Keenan (May 26, 2020), ECF No. 35.)  Riter's letter stated that he (through his counsel) emailed a request for compassionate release to the Warden of FCI Elkton on May 14, 2020, but Riter had yet to receive an official response.  (Id. at 1–2.)

On June 3, 2020, the Government filed its opposition.  (Letter from Mollie Bracewell & Alexandra Rothman, Assistant United States Attorneys, to Hon. John F. Keenan (June 3, 2020), ECF No. 37.)  The Government argued that Riter's request was procedurally improper because he did not satisfy the statutory preconditions for relief pursuant to the First Step Act, and the motion could be denied on the merits because Riter failed to set forth "extraordinary and compelling reasons" to support his immediate release and the factors set forth in 18 U.S.C. § 3553(a) counsel against any reduction in Riter's term of imprisonment.  (Id.)

4

Riter filed a reply on June 11, 2020, in which he argued that his recent positive test for COVID-19 without accompanying symptoms of the disease was not a sufficient basis to reject his application, and to reiterate that the conditions at FCI Elkton place Riter at a heightened risk of severe injury or death from the virus. (Letter from Mark B. Gombiner, Assistant Federal Defender, to Hon. John F. Keenan (June 11, 2020), ECF No. 38.)

## II. Discussion

### A. Legal Standard

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the [Federal Bureau of Prisons ("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Where this exhaustion requirement is satisfied, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i). In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). "Application of

5

the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" United States v. Daugerdas, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations in original) (quoting United States v. Ebbers, --- F. Supp. 3d ---, No. 02 Cr. 11443 (VEC), 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020)).

The relevant policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release is found at § 1B1.13 of the Sentencing Guidelines. Application Note 1 to § 1B1.13 describes four potentially extraordinary and compelling reasons for compassionate release: (1) the defendant has a terminal medical condition or a serious health condition that substantially diminishes his ability to provide self-care; (2) the defendant is at least 65 years old and has served 75% of his sentence; (3) family circumstances; and (4) an extraordinary and compelling reason other than or in combination with one of the above. U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.13(1)(A) & cmt. n.1(A)-(D) (U.S. Sentencing Comm'n 2018). The defendant, however, must not be "a danger to the safety of any other person or to the community," id. § 1B1.13(2), and "[r]ehabilitation of the defendant alone shall not be considered

an extraordinary and compelling reason," 28 U.S.C. § 994(t); see also U.S.S.G. § 1B1.13 cmt. n.3.

### B. Analysis

The Court is sympathetic to the heightened risk certain individuals face from COVID-19. See People Who Are at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 23, 2020); see also United States v. Park, --- F. Supp. 3d ---, No. 16 Cr. 473 (RA), 2020 WL 1970603, at *2 (S.D.N.Y. Apr. 24, 2020) ("The nature of prisons—crowded, with shared sleeping spaces and common areas, and often with limited access to medical assistance and hygienic products—put those incarcerated inside a facility with an outbreak at heightened risk.") (collecting sources).

Nevertheless, after considering the 3553(a) factors, including the nature and circumstances of Riter's offense and his history and characteristics, 18 U.S.C. § 3553(a)(1), as well as the need for the sentence imposed and the kinds of sentences available, id. § 3553(a)(2)-(3), the Court finds that reducing Riter's term of incarceration would not be "consistent with applicable policy statements issued by the Sentencing Commission," id. § 3582(c)(1)(A)(i), nor would it be supported by the "factors set forth in section 3553(a)," id. §

7

3582(c)(1)(A).  Accordingly, Riter's motion is denied on the merits, and the Court need not decide whether the motion is procedurally proper.

First, Riter has failed to articulate a sufficiently extraordinary and compelling reason why his sentence should be reduced.  The foundation of Riter's motion is the generalized threat COVID-19 poses to a 56-year old incarcerated individual with hypertension, diabetes, obesity, and sleep apnea.  According to the Centers for Disease Control and Prevention ("the CDC"), adults aged 65 years or older and people of any age who have serious underlying medical conditions may be at higher risk for a severe illness from COVID-19. See <u>People Who Are at Higher Risk for Severe Illness</u>, Ctrs. for Disease Control & Prevention, <u>supra</u>.  Here, however, although Riter's age and his medical conditions may heighten his risk of illness from COVID-19, they are not severe enough to warrant a reduction in Riter's sentence: Riter is 56, younger than the CDC's high-risk cutoff age; Riter has a body mass index (BMI) of 38.2, below the CDC's "severe obesity" risk factor, which it defines as a BMI of 40 or above; sleep apnea is not a risk factor identified by the CDC; and Riter's history of "primary" hypertension does not rise to the level of a "serious heart condition" as defined by the CDC, which lists "pulmonary" hypertension as the relevant risk

factor.[1] See Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 23, 2020); see also United States v. Hull, No. 17 Cr. 132 (SRU), 2020 WL 2475639, at *2–3 (D. Conn. May 13, 2020) (distinguishing between primary hypertension and pulmonary hypertension).

While Riter's medical records reflect that he suffers from type 2 diabetes—which the CDC has identified as a primary risk factor, and some courts have found to be an extraordinary and compelling reason to permit modifying a defendant's sentence, see, e.g., Daugerdas, 2020 WL 2097653, at *3—Riter's medical records also reflect that he recently tested positive for COVID-19 without manifesting any symptoms, and he does not suffer from other risk factors commonly looked to by courts when granting compassionate release, such as asthma or immunocompromization, see, e.g., Park, 2020 WL 1970603, at *1 (granting release to 44-year old defendant with a documented history of respiratory

---

[1] "Primary hypertension" is high blood pressure with no identifiable cause that tends to develop gradually over many years. See High Blood Pressure (Hypertension), Mayo Clinic Patient Care & Health Info, https://www.mayoclinic.org/diseases-conditions/high-blood-pressure/symptoms-causes/syc-20373410 (last visited June 23, 2020). "Pulmonary hypertension" is a type of high blood pressure that affects the arteries in the lungs and the right side of the heart. See Pulmonary Hypertension, Mayo Clinic Patient Care & Health Info, https://www.mayoclinic.org/diseases-conditions/pulmonary-hypertension/symptoms-causes/syc-20350697 (last visited June 23, 2020).

issues, including severe asthma and immune-compromising diseases); United States v. Williams, --- F. Supp. 3d ---, No. 17 Cr. 121 (VAB), 2020 WL 1974372, at *3 (D. Conn. Apr. 24, 2020) (granting release to defendant with chronic asthma, hypertension, diabetes, and high cholesterol); United States v. Smith, --- F. Supp. 3d ---, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *1 (S.D.N.Y. Apr. 13, 2020) (granting release to 62-year old defendant with asthma, high cholesterol, blood clots, a thyroid condition, and a history of suspected multiple myeloma); but see, e.g., United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (finding 53-year old defendant with type 2 diabetes, hypertension, obesity, and high cholesterol failed to demonstrate an extraordinary and compelling reason for a sentence reduction); United States v. Roney, No. 10 Cr. 130 (WMS), 2020 WL 2846946, at *6 (W.D.N.Y. June 2, 2020), appeal docketed, No. 20-1834 (2d Cir. June 15, 2020) (finding the same for 61-year old defendant incarcerated for possession of child pornography who suffered from type 2 diabetes, obstructive sleep apnea, hypertension, serious heart conditions, asthma, and cirrhosis).

Second, and decisive here, even if Riter's health issues, the conditions at FCI Elkton, and the COVID-19 pandemic constituted "extraordinary and compelling reasons" to reduce his sentence, application of the § 3553(a) sentencing factors

outweighs any such reduction. The factors that weigh in Riter's favor, such as the need to provide necessary medical care, are overshadowed by the combined force of "the nature and circumstances of the offense" and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). For the reasons stated in detail at Riter's sentencing, which are incorporated by reference here, the Court finds that modifying Riter's term of imprisonment, when he has served little more than one-third of his sentence, would disserve the above important sentencing factors. Compare United States v. Mascuzzio, No. 16 Cr. 576 (JFK), 2020 WL 3050549, at *4 (S.D.N.Y. June 8, 2020) (denying compassionate release to nonviolent 40-year old defendant who suffered from asthma and had served 33 months of his original 84-month sentence), and United States v. Schultz, No. 17 Cr. 193 (WMS), 2020 WL 2764193, at *7 (W.D.N.Y. May 28, 2020) (denying compassionate release to 42-year old defendant with asthma incarcerated at FCI Elkton who had served 38 months of his 87-month sentence for attempted receipt of child pornography), with United States v. Field, No. 18 Cr. 426 (JPO), Dkt. No. 38 (S.D.N.Y. May 4, 2020) (granting compassionate release to defendant who had approximately seven

months remaining on his 21-month sentence for possession of child pornography), United States v. Cooper, No. 08 Cr. 356 (KMK), Dkt. No. 181 (S.D.N.Y. Apr. 28, 2020) (granting compassionate release to 52-year old defendant with hypertension, obesity, and diabetes who had served approximately 132 months of his 210-month sentence), and United States v. Sawicz, --- F. Supp. 3d ---, No. 08 Cr. 287 (ARR), 2020 WL 1815851, at *3 (E.D.N.Y. Apr. 10, 2020) (granting compassionate release to defendant incarcerated for possession of child pornography who had less than five months remaining until he would be eligible for transfer to home confinement).

### III.  Conclusion

For the reasons set forth above, Riter's motion for reduction in sentence is DENIED.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 35.

**SO ORDERED.**

Dated:  New York, New York
        June 23, 2020

_____
John F. Keenan
United States District Judge